UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

TERRANCE BROWN,

    Plaintiff,

V.

JUDGE ROBERT WIER, *et al.*,

    Defendants.

Civil Action No. 7: 24-022-KKC

**MEMORANDUM OPINION
AND ORDER**

*** *** *** ***

Plaintiff Terrance Brown is a federal prisoner who is currently confined at the United States Penitentiary ("USP")-Big Sandy located in Inez, Kentucky. Proceeding without an attorney, Brown has filed a civil complaint against the Hon. Robert E. Wier (United States District Judge for the Eastern District of Kentucky), the Hon. Danny C. Reeves (United States Chief Judge for the Eastern District of Kentucky), and the Hon. Joseph M. Hood (retired United States District Judge for the Eastern District of Kentucky). [R. 1][1] Brown has paid the $350.00 filing fee and the $55.00 administrative fee in full. [R. 1-2]

Because Brown is a prisoner seeking redress from officers and/or employees of a governmental entity, the Court must conduct a preliminary review of his complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th

---

[1] Although this case was originally assigned to Judge Wier, because Judge Wier is named as a Defendant, he previously entered an Order *sua sponte* recusing himself from presiding over this case pursuant to 28 U.S.C. § 455(b)(5)(i). [R. 5] Thus, Brown's "Motion to Appoint New Judge for Action" [R. 3] will be denied as moot.

Cir. 1997). The Court evaluates Brown's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Even so, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Moderwell v. Cuyahoga Co., Ohio*, 997 F.3d 653, 659 (6th Cir. 2021) (quotations omitted).

While the allegations of Brown's complaint are vague and disjointed, it is apparent that Brown's complaint relates to the resolution prior matters that he has had before this Court. By way of background, since March 2023, Brown has filed with the Court a series of brief letters, habeas corpus petitions, and civil rights complaints. Most of these documents share a common narrative thread: Brown alleges that during surgery years ago, doctors implanted a "pen register" into his body which both records and transmits information about him, causing mental distress. In his submissions, Brown has requested that the Court direct federal or state law enforcement personnel to investigate the circumstances of his confinement in federal prison, and/or to grant relief against those federal or state officials who failed to investigate or ameliorate the suffering attendant to his condition. However styled, the Court has dismissed Brown's filings without prejudice because the relief he sought was not available from the Court; his pleading failed to state a claim upon which relief may be granted; or his allegations were too tenuous to invoke the Court's subject matter jurisdiction. In most instances, the Court sent Brown the forms necessary to file a new civil complaint or habeas corpus petition if he wished to seek relief available through those mechanisms. *See generally Brown v. USP Big Sandy*, No. 7:23-CV-27-REW (E.D. Ky. 2023); *Brown v. USP Big Sandy*, No. 7:23-CV-41-REW (E.D. Ky. 2023); *Brown v. Governor Beshear*,

No. 3:23-CV-68-GFVT (E.D. Ky. 2023); *Brown v. USP Big Sandy*, No. 7:23-CV-83-REW (E.D. Ky. 2023); *Brown v. Federal Bureau of Prisons*, No. 7:23-CV-87-REW (E.D. Ky. 2023); *Brown v. USP Big Sandy*, No. 7:24-CV-6-REW (E.D. Ky. 2024).

In his complaint filed in this case, Brown alleges that he has sought to report a "malice 4th amendment violation of a human being" to "the Federal Court of jurisdiction in which discovery was made," and has sought "emergency relief" through several different "court proceeding attributes; lettered correspondence, motions, and a habeas corpus applications." [R. 1 at p. 2] He claims that he complied with all instructions and referred to government witnesses, but no relief has been granted and a "conspiracy is continuing with deception of simple medical malpractice." [*Id.*] Brown further states:

> These filings were not made based on prison conditions but reporting a serious offense that I am enduring with daily injury that I was unaware of until I reported. I assumed these abnormals I'm experiencing internally were sequenced from depression of atmosphere and malnutrition until things continued to get worse and this subject of requested relief was verified thru a facility body scan. Also a person who had knowledge of this crime and what was really going on. Negligence, I have not been afforded the proper relief.

[*Id*. at p. 3]

His complaint alleges violations of his rights under "the fourteenth amendment, with detailed knowledge of my fourth amendment right, and knowledgeable USCS 4 misprision in effort to grant or relay emergency relief thru governmental agency." [*Id*. at p. 4] As relief, he seeks injunctive relief to "fully report matter" and "negligence compensation of enduring injury and emotional distress also of constitutional rights (previously mentioned) during time frame of court contact seeking relief." [*Id*. at p. 8]

However, after reviewing Brown's complaint pursuant to 28 U.S.C. §§ 1915, 1915A, it will be dismissed for failure to state a claim for which relief may be granted. As an initial matter,

3

federal notice pleading requires, at a minimum, that the complaint advise each defendant of what he allegedly did or did not do that forms the basis of the plaintiff's claim against him. *Grinter v. Knight*, 532 F. 3d 567, 577 (6th Cir. 2008); *see also Reilly v. Vadlamudi*, 680 F. 3d 617, 626 (6th Cir. 2012) ("Plaintiff must state a plausible constitutional violation against each individual defendant - the collective acts of defendants cannot be ascribed to each individual defendant.") (citations omitted). This requirement applies notwithstanding that Brown is not represented by a lawyer, as "[e]ven a pro se prisoner must link his allegations to material facts…and indicate what each defendant did to violate his rights…" *Sampson v. Garrett*, 917 F. 3d 880, 882 (6th Cir. 2019) (*citing Hill v. Lappin*, 630 F. 3d 468, 471 (6th Cir. 2010); *Lanman v. Hinson*, 529 F. 3d 673, 684 (6th Cir. 2008)).

Brown's complaint fails to meet these minimum requirements, as he makes no allegation that any of the named Defendants did anything at all, much less advise each of them of what they allegedly did or did not do that forms the basis of Brown's claims against them. While Judge Wier presided over several of Brown's prior cases, it does not appear that either Judge Reeves or Judge Hood had any involvement in Brown's prior litigation. Regardless, while Brown claims that his constitutional rights have been violated (albeit upon grounds that are ambiguous or entirely unstated), he does not attribute any of these asserted violations of his rights to any named Defendant, or indeed any person at all.

More critically, Brown's claims against Defendants are barred by judicial immunity. Judges have long been entitled to absolute judicial immunity from claims arising out of their performance of functions integral to the judicial process. *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967). Indeed, "[f]ew doctrines were more solidly established at common law than the immunity

of judges from liability for damages for acts committed within their judicial jurisdiction," and this "settled principle of law" was not abolished by 42 U.S.C. § 1983. *Id*. at 554.

"Judicial immunity is an immunity from suit, not just from ultimate assessment of damages," and, accordingly, is "not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citations omitted). *See also Forrester v. White* 484 U.S. 219, 225 (1988) (judicial immunity "insulate[es] judges from vexatious actions prosecuted by disgruntled litigants."). Principles of judicial immunity are so strong that judges are protected from suit "even when they perform judicial acts in excess of their authority, even when such acts are allegedly done maliciously or corruptly." *Id*. at 355-56 (citation omitted). In accordance with these principles, federal courts will permit suit against judges only when they act "in the clear absence of jurisdiction." *Id*. at 351-52. *See also Mireles*, 502 U.S. at 11-12.

While Brown's allegations are vague, the only possible connection between any of the named Defendants and Brown's claims regarding his prior litigation is that Judge Wier presided over several of Brown's prior cases. Without question, presiding over a civil or habeas case falls squarely within the role of a trial judge. *See Huffer v. Bogen*, 503 F. App'x 455, 459 (6th Cir. 2012) ("[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity.") (quoting *Stump v. Sparkman,*, 435 U.S. 349, 362 (1978)). Moreover, Brown makes no allegation that any of the Defendants (particularly Judge Wier, the Judge assigned to all but one of Brown's cases) acted outside of the scope of their jurisdiction in any of Brown's prior cases. Thus, Brown's claims against the Defendants are barred by judicial immunity.

For all of these reasons, Brown's complaint will be dismissed on initial screening. Moreover, because Defendants are entitled to immunity from Brown's claims, this dismissal will be with prejudice.

Accordingly, it is hereby **ORDERED** as follows:

1. Brown's Motion to Appoint New Judge for Action [R. 3] is **DENIED** as moot;

2. Brown's Complaint [R. 1] is **DISMISSED WITH PREJUDICE**;

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. A corresponding Judgment will be entered this date.

This 2nd day of April, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY